**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
Mallory Powers, Bar No. 30384
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| LA SHAUNA BULLUCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEY 2 RECOVERY, INC., an Ohio corporation; TIFFANY CALDWELL; PAM DOE,<br><br>　　　　　Defendants. | Case No.: _____<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

Background On The Fair Debt Collection Practices Act

2. In enacting the Fair Debt Collection Practices Act in the 1970s (hereinafter "FDCPA"), the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

1

privacy. *See* 15 U.S.C. 1692(a). Congress further found that existing laws and procedures for redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. 1692(d). Congress stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

<u>United States Bureau Of Consumer Financial Protection Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors</u>

3.  In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers. The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process. The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm. If collectors falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such

as by waiving the statute of limitations on debt claims for which the relevant limit periods have expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4. Of interesting note, the CFPB made findings that Federal consumer financial law promotes fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant in part to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See* Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

## JURISDICTION & VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant corporation transacts business here.

## PARTIES

8. Plaintiff, La Shauna Bulluck ("Bulluck"), is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant, Key 2 Recovery, Inc. ("Key 2 Recovery"), is a debt collector with a principal address of 5448 West Chester Road, West Chester, Ohio 45069 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant, Tiffany Caldwell (hereinafter "Caldwell"), is a natural person who was employed, at all times relevant herein, by Key 2 Recovery as a debt collector and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. Defendant, Pam Doe (hereinafter "Pam"), is a natural person who was employed, at all times relevant herein, by Key 2 Recovery as a debt collector and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6). Pam Doe is fictitiously named and the Complaint will be amended when Pam's true last name is identified.

## FACTUAL ALLEGATIONS

**12.** Sometime prior to September 2013, Plaintiff allegedly incurred a financial **obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, tuition due to Everest College in the alleged amount of approximately $400.00.**

13. In September 2013, Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff; thereafter, Plaintiff received collection communications from Defendants in an attempt to collect this debt.

4

*Collection Calls*

14. On August 21, 2014, Plaintiff called Caldwell in response to a telephone message Caldwell left with Plaintiff's coworker. During that call, Caldwell told Plaintiff that she was going to request that Plaintiff's wages be garnished. Plaintiff requested that she not be contacted at work.

15. On September 25, 2014, Caldwell called Plaintiff at work despite Plaintiff's explicit request that she not be contacted at work.

16. On September 29, 2014, Plaintiff called Caldwell to find out why Caldwell continued to call Plaintiff at work. Caldwell told Plaintiff she was not calling for Plaintiff but was calling for Plaintiff's payroll department. Plaintiff reiterated her request that she not be contacted at work.

17. Caldwell called Plaintiff at work more than five (5) times after Plaintiff requested she not be contacted at work.

18. On April 15, 2015, Plaintiff returned a call to Pam regarding a debt owed to Everest College. During said call, Pam committed the following acts prohibited by the FDCPA:

    a. Threatened to sue Plaintiff;

    b. Threatened to garnish Plaintiff's wages for an amount in excess of $1,000 on a $620.55 debt alleged to be owed by Plaintiff;

    c. Told Plaintiff she would lose her paycheck;

    d. Told Plaintiff the failure to pay the debt would "ruin [her] forever."

5

**TRIAL BY JURY**

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

22.     15 U.S.C. §§ 1692c(a)(1) & 1692c(a)(3) prohibit a debt collector from contacting a consumer at a place known to be inconvenient.

23.     Defendants violated Sections 1692c(a)(1) & 1692c(a)(3) by continuing to call Plaintiff at work despite Plaintiff's explicit instruction to cease doing so.

24.     15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25.     Defendants violated Section 1692d by continuing to call Plaintiff at work despite Plaintiff's explicit instruction to cease doing so.

26.     15 U.S.C. § 1692e prohibits making false representations about a debt.  15 U.S.C. § 1692e(5) prohibits threats to take action that cannot legally be taken or not intended to be taken.

27. Defendants violated Section 1692e(5) by threatening to garnish Plaintiff's wages in an amount in excess of the debt owed.

## CAUSES OF ACTION

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

30. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

31. Plaintiff was extremely frustrated, upset, and angry that Defendant Caldwell continued calling Plaintiff at work and speaking to Plaintiff's coworkers.

32. Plaintiff suffered from substantial emotional distress and frustration from Defendants' unlawful conduct.

33. The conduct of Defendants, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

34.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: April 21, 2015.

        STONE LAW GROUP, PLC

        / s / Shawn L. Stone

        _____

        By:   Shawn L. Stone
                 Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND DECLARATION**

I, La Shauna Bulluck, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in this civil proceeding against Key 2 Recovery, Inc., Tiffany Caldwell and Pam Doe.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 4/21/2015

La Shauna Bulluck